THE STATE v. J. W. BAKER, Appellant.

Division Two, November 19, 1907.

**OBTAINING PROPERTY UNDER FALSE PRETENSES: Defective Information.** Information, set out in the opinion, for obtaining property under false pretenses, *held* fatally defective.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

*George W. Thornberry* and *Edward J. White* for appellant.

The demurrer to the original information and the motion to quash the amended information should have been sustained, as both informations show on their face that the property charged to have been obtained is not the character of property that can be the subject of the offense charged under the statute. R. S. 1899, sec. 1927; State v. Bryant, 90 Mo. 534; State v. Gillmore, 98 Mo. 206; State v. Hayden, 31 Mo. 35; State v. Lemon, 46 Mo. 375; State v. Etchman, 184 Mo. 193; State v. Eno, 109 N. W. 119; 2 Bishop's New Cr. Proc., sec. 733; People v. Williams, 35 Cal. 671; 2 Bishop's New Cr. Proc., secs. 699, 700; State v. Stowe, 132 Mo. 199; State v. McNerny, 118 Mo. App. 66.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

After a careful examination of the amended information and the statute upon which it is bottomed, as well as various authorities on the subject, counsel for the State are forced to the conclusion that said information does not charge the defendant with any criminal act.

FOX, P. J.—This cause is now pending in this court upon appeal by the defendant from a judgment of conviction in the Christian Circuit Court for obtaining property under false pretenses. The amended information, which was duly verified, omitting formal parts, was as follows:

"G. Purd Hays, prosecuting attorney within and for the county of Christian and State of Missouri, for his amended information, informs the court under his official oath and upon his best information and belief that J. T. Small, P. L. Pierpoint and J. W. Baker, on or about the 20th day of June, A. D. 1906, at the county of Christian and State of Missouri aforesaid, did then and there feloniously, designedly, knowingly and fraudulently, with the intent then and there to cheat and defraud one B. F. Ross, did then and there falsely represent, pretend and state to the said B. F. Ross that the defendant, J. T. Small, was the sole owner of a certain stock of goods and merchandise, located in the town of Sparta, Christian county, Missouri, that said stock of goods and merchandise were of good saleable condition and value, that the said J. T. Small, aforesaid, was the sole owner and in charge of said stock of goods and merchandise and that he was enjoying and commanding the best retail trade of any general merchandise store in the town of Sparta, Christian county, Missouri; that the cash sales of the said J. T. Small, aforesaid, were averaging from fifteen dollars to two hundred dollars per day; that the wholesale price and first cost of the stock of goods and merchandise aforesaid could be readily ascertained and determined by a private cost mark thereon; that the stock of goods and merchandise aforesaid would invoice not to exceed in the aggregate the sum of $6,000, and that the defendant, J. T. Small, was the sole owner of said stock of goods and merchandise aforesaid and that P. L. Pierpoint and J. W. Baker were merely agents and brokers of the said J. T. Small, to sell said stock of

goods and merchandise aforesaid, and that the said B. F. Ross, believing and relying upon the said false pretenses and representations so made by the said J. T. Small, P. L. Pierpoint and J. W. Baker as aforesaid to be true, and being deceived thereby, was induced by reason thereof to then and there pay, deliver and transfer to the said J. T. Small, P. L. Pierpoint and J. W. Baker all his right, title and interest in and to two certain hotels, located in the town of Turon, in the county of Reno, in the State of Kansas, of the value of $5,500 as and for part of the purchase price of said stock of goods and merchandise located in the town of Sparta, in Christian county, Missouri, aforesaid; and the said B. F. Ross then and there did pay, deliver and transfer all his right, title and interest in and to these hotels aforesaid to the said J. T. Small, P. L. Pierpoint and J. W. Baker, as and for part of the purchase price of the goods and merchandise aforesaid, and the said J. T. Small, P. L. Pierpoint and J. W. Baker did then and there feloniously, wilfully, designedly, knowingly and fraudulently, in the manner aforesaid and by means of the false and fraudulent representations aforesaid, did then and there obtain of and from the said B. F. Ross, his said right, title and interest in and to the hotels aforesaid, of the value of $5,500, the property of the said B. F. Ross, then and there to feloniously, wilfully, designedly, knowingly and fraudulently to cheat and defraud of the same. Whereas in truth and in fact the said J. T. Small was not then and there the sole owner of the said stock of goods and merchandise aforesaid, located in the town of Sparta, Christian county, Missouri; and whereas in truth and in fact said stock of goods and merchandise were not of good seasonable condition and value; and whereas, in truth and in fact, the said J. T. Small, aforesaid, was not the sole owner, and was not wholly in charge of the said stock of goods and merchandise; and

whereas, in truth and in fact, the said J. T. Small was not enjoying and commanding the best retail trade of any general merchandise store in the town of Sparta, Christian county, Missouri; and whereas, in truth and in fact, the cash sales of the said J. T. Small aforesaid were not then and there averaging from fifteen dollars to two hundred dollars per day; and whereas, in truth and in fact, the wholesale price and first cost of the stock of goods and merchandise aforesaid could not be readily ascertained and determined by a certain private cost mark thereon; and whereas, in truth and in fact, the stock of goods and merchandise aforesaid did then and there invoice to exceed the sum of six thousand dollars, and whereas, in truth and in fact, the said J. T. Small was not then and there the sole owner of the stock of goods and merchandise aforesaid; and that P. L. Pierpoint and J. W. Baker were not then and there merely agents and brokers to sell said stock of goods and merchandise aforesaid, but were in truth and in fact co-partners and joint owners with the said J. T. Small aforesaid. All of which these defendants, J. T. Small, P. L. Pierpoint and J. W. Baker, then and there at the time well knew, contrary to the form of the statute in such cases made and provided. and against the peace and dignity of '' State.''

The sufficiency of this information was assailed by the appellant in the trial court in a motion to quash the same, which motion was by the court overruled. The trial proceeded and the defendant was convicted, and his punishment assessed at five years imprisonment in the penitentiary of this State. In view of the confession on the part of the representative of the State of fatal error in the information, we deem it unnecessary to burden this opinion with a statement of the evidence developed at the trial or the instructions given by the court based upon such evidence.

The statute upon which this information is predi-

cated, section 1927, Revised Statutes 1899, provides that, "Every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, right in action or other valuable thing or effects whatsoever, and every person who shall, with the intent to cheat and defraud another, agree or contract with such other person or his agent, clerk or servant for the purchase of any goods, wares, merchandise or other property whatsoever, to be paid for upon delivery, and shall, in pursuance of such intent to cheat and defraud, after obtaining possession of any such property, sell, transfer, secrete or dispose of the same before paying or satisfying the owner or his agent, clerk or servant therefor, shall, upon conviction thereof, be punished in the same manner and to the same extent as for feloniously stealing the money, property or thing so obtained."

The Attorney-General, in his presentation and submission of this cause to the court, with commendable frankness, says: "After a careful examination of said amended information and the statute upon which it is bottomed, as well as various authorities on the subject, counsel for the State are forced to the conclusion that said information does not charge the defendant with any criminal act;" and finally concludes with this statement: "As the amended information, the one upon which the defendant was tried and convicted, is fatally defective, counsel for the State confess error, and hereby consent that this cause be reversed."

It is sufficient to say that we have carefully analyzed the allegations of the information, as well as the section of the statute upon which it is bottomed, and in our opinion the conclusions as reached by the Attorney-General are clearly correct. Hence, to the end

that, if a state of facts exists in connection with the transaction to which the information relates, which warrants a criminal prosecution, the State may take further action if it so desires, the judgment of the trial court will be reversed and the cause remanded.

All concur.